**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHEDRICK TOLBERT,

        Petitioner,

v.                                 Case No. 3:23-cv-1372-TJC-MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

        Respondent.

_____

**ORDER**

### I.    Status

Petitioner Chedrick Tolbert, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Doc. 1. Petitioner challenges state court (Duval County, Florida) judgments of conviction for armed robbery, possession of a firearm by a felon, and possession of less than twenty grams of cannabis. He is serving a sentence of life imprisonment. Respondent filed a Response with exhibits, arguing that the Petition is untimely and requesting dismissal of this case. Doc. 8.[1] Although afforded the opportunity, Petitioner did not file a Reply. Doc. 10.

_____

[1] The Court will cite exhibits by document and page number as assigned by the Court's electronic case management system.

This case is ripe for review.[2]

## II.    One-Year Limitation Period

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court

---

[2] "In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citing Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The Court finds that "further factual development" is unnecessary. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

> and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III.   Analysis

On February 26, 2016, following a jury trial, the trial court adjudicated Petitioner guilty of armed robbery, possession of a firearm by a felon, and possession of less than twenty grams of cannabis. Doc. 8-10 at 38-54. He received a total sentence of life imprisonment as a prison releasee reoffender. Id. On January 4, 2017, the First District Court of Appeal affirmed without a written opinion. Doc. 8-7 at 4; Doc. 8-8 at 4. The convictions became final 90 days later, when the time to petition the United States Supreme Court for a writ of certiorari expired. Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002). The AEDPA limitation period began to run the next day—April 5, 2017.

The limitation period ran uninterrupted until it expired one year later, on April 5, 2018. Petitioner did not file any tolling motions before that date. Instead, on October 1, 2018, he moved for postconviction relief under Florida

3

Rule of Criminal Procedure 3.850. Doc. 8-9 at 11. By that time, however, the limitation period had already expired. "[A] state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001). Therefore, Petitioner's § 2254 Petition—filed on November 14, 2023—is untimely by over five years.[3] Doc. 1 at 16.

Petitioner appears to contend that he is entitled to a later start date of the limitation period based on his delay in discovering "the factual predicate of [his] claims." Doc. 1 at 14. "If the petition alleges newly discovered evidence, . . . the filing deadline is one year from 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'" McQuiggin v. Perkins, 569 U.S. 383, 388-89 (2013) (quoting (quoting 28 U.S.C. § 2244(d)(1)(D)). Here, however, Petitioner's claims do not rest on "newly discovered evidence." Id. at 388. He argues that (1) the jury should not have received an instruction on the law of principals, (2) his lawyer wrongly encouraged him to go to trial despite his recorded confession, (3) the trial court erroneously failed to rule on his pro se suppression motion, (4) the charges violated double jeopardy, and (5) his co-defendant should not have

---

[3] From 2019 to 2022, Petitioner filed additional postconviction motions in state court. Doc. 8-11 at 2; Doc. 8-12 at 2. Like his Rule 3.850 motion, these filings had no tolling effect because they were submitted after the expiration of the AEDPA limitation period. Tinker, 255 F.3d at 1333.

received a lower sentence than he did. Doc. 1 at 3-12. Petitioner knew (or should have known) the facts underlying his claims before his convictions became final. Any delay in discovering the legal significance of those facts does not warrant a later start date of the limitation period. See Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1157 (11th Cir. 2014) ("Section 2244(d)(1)(D) follows the norm for a federal statute of limitations. Time begins when the prisoner knows (or through diligence could discover) the important facts, *not when the prisoner recognizes their legal significance.*" (citation omitted)).

Petitioner also appears to seek equitable tolling on the grounds that he lacks legal knowledge and did not "have a lawyer to help [him]" pursue postconviction relief. Doc. 1 at 14. A state prisoner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). But the Eleventh Circuit has "not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion." Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013). Nor does Petitioner's "pro se status" qualify as an "extraordinary circumstance[]" warranting equitable tolling. Rich v. Dep't of Corr. State of Fla., 317 F. App'x 881, 883 (11th Cir.

5

2008). Because Petitioner fails to show entitlement to a later start date or equitable tolling, his Petition must be dismissed as untimely.[4]

Accordingly, it is

**ORDERED**:

1.     The Petition (Doc. 1) and this case are **DISMISSED with prejudice**.

2.     If Petitioner appeals, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[5]

---

[4] Petitioner does not invoke the actual-innocence exception to AEDPA's limitation period. See McQuiggin, 569 U.S. at 386.

[5] The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

6

3.   The **Clerk** shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of April, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

TpaP-2
c:
Chedrick Tolbert, #127145
Counsel of Record

7